PORTERVILLE CITRUS ASS'N v. STEBLER.

(Circuit Court of Appeals, Ninth Circuit. February 11, 1918. Rehearing Denied April 1, 1918.)

No. 2960.

PATENTS ⬡328—INFRINGEMENT—DISTRIBUTING APPARATUS.

> The Stebler patent, No. 945,799, for a distributing apparatus for distributing into different bins fruit as it comes from a grader, as limited by the prior art, and especially by the Strain patent, No. 775,015, *held* not infringed.

Appeal from the District Court of the United States for the Northern Division of the Southern District of California; Oscar A. Trippet, Judge.

Suit in equity by Fred Stebler against the Porterville Citrus Association. Decree for complainant, and defendant appeals. Reversed.

Nicholas A. Acker, of San Francisco, Cal., for appellant.

Frederick S. Lyon, of Los Angeles, Cal., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The appellee herein brought in the court below two suits, one against the Porterville Citrus Association,

a corporation, and one against the Mid-California Citrus Association, a corporation. By stipulation both cases were tried upon the record in the first case, and are now heard thereon in this court, the decree herein to dispose of both cases. In each case the plaintiff alleged that the defendant had infringed reissue letters patent No. 12,297, issued December 27, 1904, to Robert Strain, for a fruit grader, which patent had been assigned to the appellee, and letters patent No. 943,799, issued to Fred Stebler on December 21, 1909, for a distributing apparatus. The court below on the evidence found noninfringement of the first of these patents, but found infringement of claims 1, 2, 3, 5, 6, 7, 8, 11, 14, 15, and 19 of the Stebler patent. By inadvertence the decree was so framed as to adjudge infringement of the Robert Strain patent, and that the decree below should be corrected in that respect is not contested by the appellee.

The Stebler patent covers a combination for distributing fruit, such as oranges and lemons, after the same have been sized by a grading apparatus. The grading apparatus is not involved in the controversy. The object sought to be accomplished in the distributing apparatus is to utilize a short grader in conjunction with a long series of bins arranged along the side thereof, and to accomplish this result Stebler uses, in connection with a traveling belt, adjustable guides or partitions extended obliquely across the supporting means; each guide comprising telescoping members and means for adjusting the longitudinal position of the outer ends thereof.

We find it unnecessary to consider in detail any of the inventions of the prior art, except that of the Thomas Strain patent of November 15, 1904. Upon the combination described in that patent can be read all of the claims of the Stebler patent, except the features which distinguish the Stebler patent from the prior art, and these are the guides which extend from the outlets of the grading device and are adjustable at the outer ends, and extendable by means of telescoping ends, and the use in connection therewith of a series of bins which extend greatly beyond the length of the grading device. Therein is the novelty of the Stebler combination. The adjustability of the bins by the use of movable partitions called for by claims 11 and 19 was old in the art, and was used in various forms in prior combinations, and was not susceptible of monopoly by Stebler. The Thomas Strain combination exhibits the traveling belt and guides or deflectors, on each of which is adjustably mounted a lug clamped thereto by means of a set screw, "so that fruit will be shunted into the bin at any desired point." This deflector was intended to be used for the even distribution of the fruit in each bin, but the evidence is that fruit which normally would go to a bin could be carried on to an adjacent bin.

Now, what is done by the Strain combination is all that is accomplished by the appellant, and the appellant accomplishes it in the same manner and by substantially the same means. The appellant uses a grader with nine independently rotatable rollers, each having a given area for the escape of the sized fruit, and nine bins, one for each roller, to receive the fruit sized thereby, and, in connection with a longitudinally traveling belt, a number of barriers or small slats arranged parallel with the traveling belt so as to arrest the downward

gravity flow of the sized fruit and change its direction of travel to a direction parallel with the belt, for the purpose of deflecting it into the bins at any desired point. These barriers are used in the same way and for the same purpose as the barriers or brackets in the Strain combination. It is true that they may be so adjusted as to vary the delivery from one bin into an adjacent bin; but that, as we have seen, can be accomplished by the brackets of the Strain device. That, however, is not the purpose of their use, and to use them in that way would be to put out of operation the next succeeding grader unit, for the fruit from that unit could not be delivered into any bin. Therein is an essential difference between the guides of the Stebler patent, the barriers of the defendant, and the brackets of Strain. The guides of the Stebler patent belonging to one grading unit may be adjusted to turn the fruit to the adjacent bin, without deranging the action of the adjacent guides in carrying the fruit from the adjacent grade outlet to some other bin.

The proceedings in the Patent Office on the application for the Stebler patent afford light upon the nature of the Stebler invention. The examiner rejected all of the claims, except claim 5, as anticipated by the Rayburn patent of October 20, 1903, No. 741,928, the Stevens patent of June 23, 1903, No. 749,459, and the Strain patent of November 15, 1904. Claim No. 5, which was allowed, called for a combination, one element of which was a series of bins whose longitudinal extension is greater than the longitudinal extension of the grader, and another element of which was guiding means with adjustable outer ends. In the argument before the examiner counsel for the applicant stated that one of the primary objects and purposes to be accomplished by the applicant's device was to permit an extension of the bins longer than the extension of the grading element, so as to use a relatively short grader and sizer, and utilize a distributing conveyor and carry the sized fruit to bins of a desired width, extending "much beyond the length of the grader." Again, they said:

"One of the particular features of this apparatus, and one upon which its commercial value depends to a great extent, is the interrelation of the longitudinally adjusted fruit bins in connection with the adjustable guiding means on the conveyor."

The examiners in chief, on appeal from the examiner's ruling, said that claim 1 sufficiently represented the appealed claims. One element of that claim so referred to is:

"The longitudinal extension of the said distributing means being greater than the longitudinal extension of the grading element."

The examiners in chief distinguished the Rayburn patent by pointing to the fact that the distributing means thereof is not "traveling," and that it lacks the element of the Stebler invention:

"The longitudinal extension of the delivery portion of the said distributing means being greater than the longitudinal extension of said grading element."

They said that the distributing means of the Strain invention were clearly unadapted to the applicant's device, and in order to be used therewith would require such modification as to lose entirely their identity, that the Stevens device is more nearly in point, since he

shows the longitudinally traveling belt with the directing members across it; but they distinguished the Stevens device on the ground that "the delivery portion of the distributing means is not greater than the longitudinal extension of the grading element," and that the Stevens machine operates differently and was not adapted to sort oranges, in which it is important that the slightest abrasion of the skin be avoided.

The appellee insists that the appellants have availed themselves of that feature of the Stebler patent which calls for the extension of the bins beyond the length of the grading table. The manager of the Porterville Citrus Association testified that, in the machine installed in his packing house and used by his company, the bins for receiving the sized fruit did not extend beyond the sizing or grading member of the apparatus. On the other hand, Stebler found in the photographs taken of one of the appellant's apparatus evidence that the bins extended beyond the grading apparatus the width of one bin, or 45 inches, and in this he was corroborated by the testimony of an expert witness testifying also from the photographs. The photographs are in evidence, and they seem to show the extension of the bins to the extent indicated by Stebler. We do not regard an extension to that limited degree as an invasion of the appellee's claims. The idea of the appellee, as expressed in his specifications, was to provide for bins "extended much beyond the length of the grader," and in the proceedings before the Patent Office this feature of extending the bins "much beyond the length of the grader" was emphasized, and declared to be one of the primary objects and purposes of the device, and it is shown that the appellee's bins constructed under the patent do in fact extend from 12 to 15 feet beyond the grader. An extension of but 45 inches is not, we think, an extension within the meaning of the Stebler claims, and is not sufficient to amount to a substantial extension of the bins beyond the grading apparatus.

We think that the claims of the Stebler patent must be so construed as to limit his invention to the features which he added to the Thomas Strain combination, and that, when so construed, the appellant does not infringe.

The decree of the court below is reversed, and the cause is remanded, with instructions to dismiss the bill.